1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8

9   Stephen Wilson,                    )     No. CV-05-2390-PCT-DGC (LOA)
                                        )
10             Petitioner,              )     **REPORT AND RECOMMENDATION**
                                        )
11   vs.                                )
                                        )
12   Bartos, et al.,                    )
                                        )
13             Respondents.             )
                                        )
14   _____ )

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in

16   State Custody Pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents filed an Answer to the

17   Petition to which Petitioner has responded.  (Docs. 22, 23.)

18                  **FACTUAL AND PROCEDURAL BACKGROUND**

19          The following events gave rise to the Petitioner's challenged conviction.  On July

20   14, 2001, an Arizona Department of Public Safety officer stopped Petitioner who was driving

21   in Mohave County for a routine traffic stop.   During the stop, the officer discovered that

22   Petitioner was driving with a suspended license and arrested him on that basis. (Respondents'

23   Ex. C at 4.)  During a search of the vehicle incident to the arrest, an officer found a large

24   quantity of jewelry in the trunk.  (Id.)  A passenger in the car, Lessie Samantha Nelson, told

25   officers that Petitioner had "just ripped off" the jewelry. (Id.) Police seized the jewelry.  Police

26   cited Petitioner for driving with a suspended license and released him because the jewelry could

27   not be connected to any thefts in the area.  (Id.)

28

On July 16, 2001, Donald and Sue Snell returned from a trip to find that their home had been burglarized and that jewelry was missing. (Respondents' Ex. C at 4.) The next day, Donald Snell positively identified the jewelry that was taken from his home and found in Petitioner's vehicle. (Respondents' Ex. D at 2.) Police also found some of the jewelry stolen from the Snell residence at a local pawnshop, and the pawnbroker identified Petitioner as the person who had pawned the jewelry. (Respondents' Ex. C at 5.)

Police took Petitioner into custody and he admitted that he had committed three burglaries in the area. (Respondents' Ex. D at 3.) Police verified that Petitioner had burglarized three homes and pawned some of the stolen property at local pawnshops, specifically, jewelry from the Snell residence, compact discs from the home of Martin Lorraine, and power tools from the home of Floyd McDavid. (Id.)

On January 16, 2003, Petitioner entered into a plea agreement with the State, pleading guilty to two counts of burglary in the second degree, a class 3 felony. (Respondents' Ex. E at 1.) The plea agreement provided that the State would recommend that the court sentence Petitioner to two aggravated, concurrent 7.5-year terms of imprisonment. (Id.) The trial court[1] determined that Petitioner entered into the plea agreement knowingly, intelligently, and voluntarily, and accepted the plea. (Respondents' Ex. G; Respondents' Ex. H.)

On February 13, 2003, the trial court sentenced Petitioner pursuant to the plea agreement, to two aggravated, concurrent 7.5-year terms of imprisonment for each burglary count. (Respondents' Ex. H at 7.) The trial judge considered Petitioner's criminal record a substantial aggravating factor. (Id. at 8.) The court also ordered restitution and gave Petitioner credit for presentence incarceration. (Id.) Because Petitioner plead guilty, he forfeited his right to file a direct appeal pursuant to Arizona law. (Respondents' Ex. G at 9.)

On February 27, 2003, Petitioner filed a notice of post-conviction relief claiming that the court's imposition of an enhanced sentence violated Blakely v. Washington, 542 U.S. 296

---

[1] The Honorable Steven F. Conn presided over the proceedings in the Superior Court for the State of Arizona, Mohave County.

(2004).  (Respondents' Ex. I.)  Petitioner initially requested counsel and the court appointed counsel for Petitioner.  Petitioner subsequently sought to proceed *pro per* and was granted permission to do so. (Respondents' Ex. J at 1.)  In a February 24, 2004 Order, the court granted Petitioner an extension of time to file his petition for post-conviction relief, and advised him that no further extensions would be granted.  (Id., Respondents' Ex. K.)  Accordingly, the court denied Petitioner's second request for an extension of time to file his petition for post-conviction relief. (Respondents' Ex. J at 1.)  On March 23, 2004, the Court noted that Petitioner had failed to file a timely petition for post-conviction relief and denied Petitioner's request for post-conviction relief. (Respondents' Ex. K.)

Petitioner did not appeal.  Rather, he filed a petition for special action in the Arizona Court of Appeals challenging the trial court's denial of his second request for an extension of time to file his petition for post-conviction relief. (Respondents' Ex. L.)  On April 13, 2004, the court declined to accept jurisdiction of the special action.  (Respondents' Ex. M.)

Thereafter, on August 16, 2004, Petitioner filed a second notice and petition for post-conviction relief, raising a claim pursuant to Blakely.  (Respondents' Ex. N.)  On August 24, 2004, the trial court denied relief on procedural grounds, finding that Petitioner's convictions were final and therefore, Blakely did not apply on post-conviction review.  (Respondents' Ex. J at 2.)

Thereafter, Petitioner filed the pending federal habeas corpus petition (Doc. 1.) raising the following four claims:

1.  Petitioner's rights guaranteed by the Arizona Constitution were violated because he did not receive a complete trial transcript;

2.  Petitioner's rights under the Arizona Constitution were violated because Petitioner, an indigent defendant, was not given one complete copy of the court record;

3.  Petitioner's "due process" rights were violated because he was not provided with a complete trial transcript to which he was entitled under Rule 32 of the Arizona Rules of Criminal Procedure;

4.  The trial court violated the Sixth Amendment by enhancing Petitioner's sentence based on findings made in the absence of a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004).

1    / / /

2

**.DISCUSSION**

3    **I. Timeliness**

4         Respondents argue that Petitioner's § 2254 petition is untimely under 28 U.S.C. §

5 2244(d)(1). Petitioner claims that his untimely filing should be excused because he was unable

6 to file a timely § 2254 petition because he did not receive necessary "legal documents" until July

7 21, 2005 because he was transferred between housing units within the Arizona State Prison

8 Complex. (Doc. 23) Petitioner does not provide details regarding the date of the transfer or the

9 dates during which he was without his legal materials. However, the Court need not resolve

10 this issue because even if Petitioner's habeas petition is timely, it fails. First, Petitioner's first

11 three claims for relief are based solely on state law and, therefore, are not cognizable on federal

12 habeas review. Additionally, all of Petitioner's claims are procedurally defaulted.

13    **I. Claims One, Two, and Three**

14         In his first three claims for relief, Petitioner argues that his rights under the Arizona

15 Constitution and Ariz.R.Crim.P. 32 were violated because he did not receive a complete copy

16 of the transcripts and a complete copy of the court record.

17         Specifically, in claims one and two, Petitioner argues that his rights guaranteed by

18 the Arizona Constitution and Ariz.R.Crim.P. 32 were violated because he did not receive a

19 complete transcript or a complete copy of the court record. (Doc. 1) Petitioner's first two claims

20 are state law claims not cognizable on federal habeas review as discussed below.

21         Similarly, in claim three, Petitioner argues that his "due process" rights were violated

22 because he did not receive a complete copy of the transcripts to which he was entitled under

23 Ariz.R.Crim.P. 32. Again, Petitioner's claim is based on state law and is not cognizable on

24 federal habeas review as discussed below.

25         Title 28 U.S.C. § 2254(a) defines the scope of review for federal habeas corpus

26 petitions:

27             The Supreme Court, a Justice thereof, a circuit judge, or a district court
             shall entertain an application for a writ of habeas corpus in behalf of a

28              person in custody pursuant to the judgment of a State court only on the

- 4 -

> ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a)(emphasis added). Accordingly, "[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty." Franzen v. Brinkman, 877 F.2d 26 (9th Cir.1989)(citing 28 U.S.C. § 2254(c)(3)). "[F]ederal habeas corpus does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). The purpose of habeas proceedings under § 2254 is to ensure that state convictions satisfy federal constitutional requirements applicable to states. Burkey v. Deeds, 824 F.Supp. 190, 192 (D.Nev. 1993). The federal district court does "not sit as a super state supreme court." Id. Rather, federal courts may only intervene in state proceedings to correct errors of constitutional magnitude. Id. (citing Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989)).

In grounds one and two, Petitioner claims that his rights under the Arizona Constitution and Ariz.R.Crim.P. 32 were violated because he did not receive a complete transcript or a complete copy of the court record. Petitioner does not cite any federal statutes or cases in support of his claims. Because Petitioner's allegations in grounds one and two challenge the application of state law, those claims are not cognizable on federal habeas corpus review. 28 U.S.C. § 2254; McGuire, 502 U.S. at 67-68; Jackson v. Ylst, 921 F.2d 882 (9th Cir. 1990)(federal court has no authority to review state application of state law); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989)(refusing to consider alleged errors in violation of state sentencing law). Similarly, in ground three, Petitioner argues that his "due process" rights were violated because he did not receive a copy of the trial transcript to which he was entitled under Arizona law. Petitioner does not cite any federal statutes or cases in support of his claim. Rather, he claims that the he was denied copy of the trial transcript to which he was entitled under Ariz.R.Crim.P. 32. Petitioner's allegation that the state court violated Ariz.R.Crim.P. 32 is a state law claim. Petitioner cannot transform his state law claim into a federal claim merely by asserting that his "due process" rights were violated. Poland v. Stewart, 169 F.3d 573, 584

1  (9th Cir. 1999)(a habeas petition may not "transform a state law issue into a federal one merely

2  by asserting a due process violation.").

3       Accordingly, Petitioner is not entitled to federal habeas relief on the basis of his first

4  three claims.  Moreover, federal habeas review of Petitioner's claims are procedurally barred as

5  discussed below.

6  **II. Exhaustion and Procedural Default**

7       **A. Relevant Law**

8       Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state

9  prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state

10  court, every claim raised in his petition.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To

11  properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity

12  to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state

13  courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S. 346, 349 (1989);

14  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary

15  'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . .

16  thereby alerting the court to the federal nature of the claim.").

17       It is not enough that all of the facts necessary to support the federal claim were before

18  the state court or that a "somewhat similar" state law claim was raised.  Reese, 541 U.S. at 28

19  (stating that a reference to ineffective assistance of counsel does not alert the court to federal

20  nature of the claim).  Rather, the habeas petitioner must cite in state court to the specific

21  constitutional guarantee upon which he bases his claim in federal court.  Tamalini v. Stewart,

22  249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad constitutional principles,

23  such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair

24  presentation of a federal constitutional claim.  Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.

25  2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d

26  982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a

27  constitutional guarantee," such as a naked reference to "due process," or to a "constitutional

28  error" or a "fair trial").  Similarly, a mere reference to the "Constitution of the United States"

1   does not preserve a claim. <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996). Even if the basis

2   of a federal claim is "self-evident" or if the claim would be decided "on the same considerations"

3   under state or federal law, the petitioner must make the federal nature of the claim "explicit

4   either by citing federal law or the decision of the federal courts . . . ." <u>Lyons</u>, 232 F.3d at 668.

5   A state prisoner does not fairly present a claim to the state court if the court must read beyond

6   the petition or brief filed in that court to discover the federal claim. <u>Baldwin</u>, 541 U.S. at 27.

7           Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally

8   appropriate manner, state court remedies may, nonetheless, be "exhausted."   This type of

9   exhaustion is often referred to as "procedural default" or "procedural bar." <u>Ylst v. Nunnemaker</u>,

10  501 U.S. 797, 802-05 (1991); <u>Coleman</u>, 501 U.S. at 731-32. There are two categories of

11  procedural default.

12          First, a state court may have applied a procedural bar when the prisoner attempted

13  to raise the claim in state court. <u>Nunnemaker</u>, 501 U.S. at 802-05.  If the state court also

14  addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the

15  independent state procedural bar. <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989); <u>Carringer v.</u>

16  <u>Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of

17  counsel claims "barred under state law," but also discussed and rejected the claims on the merits,

18  en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims

19  were procedurally defaulted and barred from federal review).  A higher court's subsequent

20  summary denial of review affirms the lower court's application of a procedural bar.

21  <u>Nunnemaker</u>, 501 U.S. at 803.

22          Second, the state prisoner may not have presented the claim to the state courts, but

23  pursuant to the state courts' procedural rules, a return to state court would be "futile." <u>Teague</u>

24  <u>v. Lane</u>, 489 U.S. 288, 297-99 (1989).  Generally, any claim not previously presented to the

25  Arizona courts is procedurally barred from federal review because any attempt to return to state

26  court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1,

27  32.2(a) & (b); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002); <u>State v. Mata</u>, 185 Ariz. 319,

28  322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for

1    claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R.

2    Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

3    decision).  A state post-conviction action is futile where it is time barred.  <u>Beaty</u>, 303 F.3d at

4    987; <u>Moreno v. Gonzalez</u>, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under

5    Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief,

6    distinct from preclusion under Rule 32.2(a)).

7            In either case of procedural default, federal review of the claim is barred absent a

8    showing of "cause and prejudice" or a "fundamental miscarriage of justice."  <u>Dretke v. Haley</u>,

9    541 U.S. 386, 393-94, (2004); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  To establish cause,

10   a petitioner must establish that some objective factor external to the defense impeded her efforts

11   to comply with the state's procedural rules.  <u>Id.</u>  The following objective factors may constitute

12   cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim

13   was not reasonably available, or (3) constitutionally ineffective assistance of counsel.  <u>Id.</u>  To

14   establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked

15   to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

16   dimension."  <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).  Where petitioner fails to

17   establish cause, the court need not reach the prejudice prong.

18           To establish a "fundamental miscarriage of justice" resulting in the conviction of one

19   who is actually innocent, a state prisoner must establish that it is more likely than not that no

20   reasonable juror would have found him guilty beyond a reasonable doubt in light of new

21   evidence.  <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

22                    **B. Application of Law to Petitioner's Claims**

23           Respondents contend that Petitioner's claims are procedurally defaulted and therefore

24   barred from federal habeas review.  Respondents argue that under <u>Baldwin v. Reese</u>, 541 U.S.

25   27, 29 (2004), to exhaust claims in state court, an Arizona prisoner must petition for review to

26   the Arizona Supreme Court, the highest discretionary court of appeals in Arizona.  <u>Peterson v.</u>

27   <u>Lampert</u>, 319 F.3d 1153, 1156 (9th Cir. 2003).  Respondents argue that <u>Baldwin</u> overturns

28   <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999) where the Ninth Circuit held that under

1  Arizona law, non-capital defendants exhaust state remedies by presenting their federal claims
2  to the Arizona Court of Appeals.  The Court declines to decide this issue because in addition to
3  failing to present her claims to the Arizona Supreme Court, Petitioner failed to fairly present all
4  of her claims to the Arizona Court of Appeals.

5  **1. Claims One, Two, and Three**

6  In his first three grounds for relief, Petitioner argues that his rights under the Arizona
7  Constitution were violated because he did not receive a complete copy of the transcripts or court
8  record.  On post-conviction review,  Petitioner's counsel requested the preparation of 'transcripts
9  for all relevant hearings and portions of the record under Ariz.R.Crim.P. 32.4(d)." (Respondents'
10  Exh. P at 2) The court granted that request and ordered the transcript prepared for the change of
11  plea and sentencing.   Petitioner, however, did not receive copies of those transcripts in a timely
12  manner because the court reporter was ill.  Petitioner filed a special action with the Arizona Court
13  of Appeals requesting copies of the transcripts of the change of plea hearing and the sentencing
14  hearing.  (Respondents' Exh. O)

15  On December 4, 2003, the Arizona Court of Appeals accepted special action
16  jurisdiction and granted relief, ordering that the requested transcripts be prepared for Petitioner.
17  (Respondents' Exh. P)     The transcripts were prepared and became part of the record.
18  (Respondents' Exh. G, H, Q) On January 30, 2004, Petitioner filed a "Request for Relief" in the
19  Arizona Court of Appeals arguing that he had not yet received a copy of the transcripts.
20  (Respondents' Exh. R) The court advised Petitioner that a copy of the transcripts had been filed
21  on November 11, 2003 and was mailed to Petitioner.  The court further advised that Petitioner
22  should contact his former counsel if he had not received the transcripts.  (Respondents' Exh. S)

23  In the pending § 2254 petition, Petitioner raises a broader claim than that which he
24  raised before the trial court or in the special action.  He now asserts that he was denied access to
25  the "complete file and transcripts."   Petitioner never raised this broad claim before the state
26  courts.  Accordingly, Petitioner's first three claims are unexhausted and procedurally defaulted
27  because Petitioner cannot now return to state court to present those claims.  Generally, any claim
28  not previously presented to the Arizona courts is procedurally barred from federal review because

1   any attempt to return to state court to properly exhaust a current habeas claim would be "futile."

2   Ariz. R. Crim. P. 32.1, 32.2(a) & (b); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002); <u>State</u>

3   <u>v. Mata</u>, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)

4   (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding);

5   32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days

6   of trial court's decision).  A state post-conviction action is futile where it is time barred.  <u>See</u>

7   <u>Beaty</u>, 303 F.3d at 987; <u>Moreno v. Gonzalez</u>, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing

8   untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for

9   post-conviction relief, distinct from preclusion under Rule 32.2(a)).

10          Petitioner's first three claims are procedurally defaulted because they were not raised

11  to the Arizona Court of Appeals in a procedurally appropriate manner.  The Court will discuss

12  whether Petitioner's establishes a basis for overcoming the procedural bar in section C below.

13               **B.  <u>Blakely</u> Claim**

14          In his fourth ground for relief, Petitioner claims that his sentence violates the rule

15  announced in <u>Blakely</u>.  Again, Petitioner did not present this claim to the state courts in a

16  procedurally appropriate manner.  Petitioner did not raise an <u>Apprendi</u> objection during

17  sentencing. (Respondents' Exh. H)  On post-conviction review, Petitioner raised a <u>Blakely</u> claim

18  for the first time.  (Respondents' Exh. N)  However, Petitioner's notice of post-conviction review

19  was untimely and was denied on that basis.  (Respondents' Exh. N)  Petitioner did not seek

20  appellate review of the trial court's denial of his <u>Blakely</u> claim.  Because Petitioner failed to seek

21  review in the Arizona Court of Appeals, he committed a second procedural default of his <u>Blakely</u>

22  claim by failing to complete the state's appellate review process.  <u>O'Sullivan</u>, 526 U.S. at 845.

23          Petitioner's <u>Blakely</u> claim is procedurally defaulted based on Petitioner's failure to

24  present his <u>Blakely</u> claim to the appellate court.  <u>Nunnemaker</u>, 501 U.S. at 802-05.  Federal

25  habeas review of that claim is barred unless Petitioner can demonstrate cause for the default and

26  actual prejudice as a result of the alleged violation of federal law.  <u>Coleman</u>, 501 U.S. at 729-30;

27  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

28               **C.  "Cause and Prejudice" or "Fundamental Miscarriage of Justice"**

1    Because Petitioner did not properly present his claims to the Arizona courts, Petitioner

2    procedurally defaulted those claims in state court.  Accordingly, the Court need not reach the

3    merits of Petitioner's claims unless he can either show cause and prejudice or a fundamental

4    miscarriage of justice.

5    Proof of cause "ordinarily turn[s] on whether the prisoner can show that some

6    objective factor external to the defense impeded" his compliance with the state rule. Id. at 72.  In

7    this case, Petitioner does not assert any basis to overcome the procedural bar.  Petitioner's *pro*

8    *se* status and ignorance of the law do not satisfy the cause standard. Hughes v. Idaho State Bd.

9    of Corrections, 800 F.2d 905, 908 (9th Cir. 1986).  Where petitioner fails to establish cause for

10   his procedural default, the court need not consider whether petitioner has shown actual prejudice

11   resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

12   Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

13   Petitioner also fails to establish that failure to consider his claims would result in a

14   fundamental miscarriage of justice.  Schlup v. Delo, 513 U.S. at 327.   Accordingly, Petitioner's

15   claims are procedurally defaulted and barred from review.

16   Accordingly,

17   IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

18   Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED.**

19   This recommendation is not an order that is immediately appealable to the Ninth

20   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

21   Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties

22   shall have ten days from the date of service of a copy of this recommendation within which to file

23   specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Fed.

24   R. Civ. P.  Thereafter, the parties have ten days within which to file a response to the objections.

25   Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result

26   in the acceptance of the Report and Recommendation by the District Court without further

27   review.  See, United States v. Reyna- Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

28   / / /

1  / / /

2         Failure timely to file objections to any factual determinations of the Magistrate Judge

3  will be considered a waiver of a party's right to appellate review of the findings of fact in an order

4  or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u>, Rule 72, Fed. R.

5  Civ.P.

6         DATED this 13th day of July, 2006.

7

8                                     _Lawrence O. Anderson_

9                                    Lawrence O. Anderson

10                               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28